### 6809. SLOAN *et al. v.* HALEY.

The court erred in sustaining the motion for a nonsuit. The case is controlled by the decision of the Supreme Court in *Hines* v. *Johnston,* 95 *Ga.* 629 (23 S. E. 470).
DECIDED SEPTEMBER 21, 1916.
JUDGE HODGES BEING DISQUALIFIED, JUDGE HILL, OF THE ATLANTA CIRCUIT, WAS DESIGNATED TO SIT IN HIS STEAD.

Complaint; from city court of Macon—Judge Hodges. June 22, 1915.

*J. E. Hall, John R. L. Smith,* for plaintiffs.
*Miller & Jones, DuPont Guerry,* for defendant.

HILL, J. Sloan and the administratrix of Duncan brought suit in the city court of Macon against Haley for the purpose of recovering the sum of $8,000, on a contract alleged to have been made by them with Haley, and in which they were alleged to have a joint interest. The case made by the allegations of the petition and the evidence of the plaintiff in support thereof, substantially stated, was as follows: Sloan secured an option to purchase four thousand acres of land (in round numbers) in Appling county, for $2.10 per acre. Not being able to handle the option by himself, he took in with him George W. Duncan, of Macon. Subsequently the latter died, and his administratrix is one of the plaintiffs. Sloan and Duncan together were not able to advance the money for the purpose of exercising the option to purchase the land. They therefore consulted Haley, the defendant, and after some negotiations he agreed with them to advance the money for the purchase of the land, and did thereafter advance the money for that purpose. It was agreed between the three parties that the land should be sold within a reasonable period on such terms as would be acceptable, and that after repayment to Haley of the money advanced by him to purchase the land, and the expenses of the purchase and sale, the excess should be divided between the three,—Haley to have one half and the other two parties one quarter each. Shortly after the taking of the title by Haley, in pursuance of the agreement that he should hold the title as security for his advancement, Sloan and Duncan secured offers for the purchase of the land in question, ranging from $3.50 to $4.50 per acre, and submitted these offers to Haley, who declined to accept them; he insisting that the land was worth more money, and that he would not agree to a sale for less than $5 per acre. After declining to accept the offer of $4.50 per acre, Haley wrote to Sloan and to Duncan, claiming that he had the title to the land, and refused to allow Sloan and Duncan to have anything further to do with the effort to sell the land, insisting that he alone had the right to sell, and that he himself would not sell it for less than $25,000. Sloan and Duncan, and subsequently the representative of the administratrix of Duncan, disputed the right of Haley, as claimed by him, to the exclusive control of the land, but insisted upon the joint interest of all three, to wit, Sloan, Duncan, and Haley, in pursuance of the agreement made between them. Sub-

sequently, in 1912, Haley sold the land in question to a corporation located in the city of Atlanta. The sale by Haley to the Atlanta corporation was not for money, it was by an exchange of properties between the corporation and Haley. The property of the Atlanta company, accepted by Haley, had an agreed valuation of forty-odd thousand dollars. The evidence showed that Haley's land was worth at least $25,000; and one half of this amount, less its cost and the expenses of the sale of the land,—one quarter for each plaintiff,—was the amount involved in the suit.

At the conclusion of the evidence for the plaintiff a motion was made for a nonsuit, on various grounds set out in the record, and the trial judge sustained the motion in the following order: "Take an order granting a nonsuit. I think the plaintiff's pleadings are in perfect shape. I don't think there is anything in the proposition about the registration. I put it on the ground that Sloan and Duncan had no interest in the land."

We think that the judgment sustaining the motion for a nonsuit was erroneous, not only upon the ground stated, but on any other ground disclosed by the record. The suit was not to recover an interest in land, but was to recover profits growing out of a speculative interest in the land in question, jointly held by all three of the parties. In other words, while Haley, in accordance with the agreement, held the legal title to the land, Sloan and Duncan, under the agreement made with Haley, held an equitable interest in the land and a vested interest in any ultimate profits which would result from the joint venture, and the fact that Haley had the legal title in him, for the purpose of securing him on the advancement which he had made, in the light of the agreement made at the time between all three, could not deprive them of any ultimate profits resulting from their joint venture. According to the allegations of the petition, which were sustained by the proof, the sole purpose of the transaction between the parties was that the land bought should be held for speculative purposes, and that the profits arising from its ultimate sale were to be divided between the three parties, after the repayment of the advances made by Haley and the deduction of all contingent expenses. The case seems to be entirely controlled by a very apposite decision of the Supreme Court in *Hines* v. *Johnston*, 95 *Ga.* 629 (23 S. E. 470). In that case Hines and two others agreed that certain land should

be purchased for sale; two of them advanced the purchase-money and took the title to the land in their own name, Hines rendering personal services without charge; Hines to have no interest until enough of the land was sold to repay the purchase-money with interest, and then the three to share equally in the residue, or the proceeds of all subsequent sales. The Supreme Court held, under these facts, that the beneficial ownership in the profits of the land, over and above what was required to pay the purchase-money and interest, was in the three jointly,—the two in whom the legal title was vested holding in trust for the third—Hines, as to his interest; and that if Hines had rendered full services before he died, he was entitled to a full third share. If his share was chargeable with expenses after his death, such deductions should be apportioned by the jury.

There is no substantial difference in the principle of law in the *Hines* case as thus decided and in the instant case. According to the petition and the evidence of the plaintiff, Sloan and Duncan had secured the option for the purchase of the land; had induced Haley to advance the money for its purchase, on the understanding and agreement that the land should be held for speculative purposes, and that when subsequently sold, after paying Haley for his advances and such expenses as were incident to the transaction (Sloan and Duncan rendering personal services in connection with the sale without charge), the ultimate profits arising from the sale should be divided as per agreement—one half to Haley and one quarter each to the other two parties. Before the death of Duncan he had rendered, according to the evidence, valuable services in connection with the sale of the land, such services at least as gave him a vested interest in the profits and entitled his administratrix to sue therefor. The evidence shows that Haley breached his contract when he refused to permit Sloan or the administratrix of Duncan to have anything to do with the final sale of the land in question. On the breach of his contract a right of action accrued against him in favor of Sloan and Duncan for any profits which could be shown to have existed in the real-estate transaction at the time of the breach. The fact that Haley subsequently exchanged the land in question for property, and not for money, does not change the legal rights vested in Sloan and Duncan. If the property taken by Haley in exchange for the property held by

him in trust (in so far as the interest of Sloan and Duncan was concerned) was worth more than the amount originally paid by Haley, in pursuance of their agreement, for the land in Appling county, this would furnish an exact measure of the share of each one of those jointly interested; and under the undisputed evidence in the case (even the admission of Haley), it is shown that the land in Appling county was worth at least $25,000. We are clear that, taking this as a proper valuation for the land, the plaintiff would have the right to recover the result of the profits therein. Indeed, we are inclined to the opinion that if the property which Haley received in exchange for the land, from the Atlanta corporation, was worth more than $25,000, the profits to each one of the plaintiffs would be proportionately increased.

We think the learned trial judge misconceived the character of the suit, and therefore erred in awarding a nonsuit upon the ground on which it was based; and after a careful examination of the record, we can discover no other ground upon which a nonsuit could have been granted.　　　　　　　　　　　　　*Judgment reversed.*

BROYLES, J., dissenting. As I see it, the controlling issue in this case is whether Sloan and Duncan were partners with Haley, or merely his agents. Ordinarily, to constitute a partnership, the parties must have a joint interest in the profits and losses. It has been held, however, that a *joint* interest in the profits alone may constitute a partnership. To have been partners with Haley, Sloan and Duncan must at least have had a *joint* interest with him in the profits of the transaction in question. In my opinion the plaintiffs' evidence shows that Sloan and Duncan had a *common* interest only with Haley in the profits of the transaction, and therefore they were not partners with Haley. The record shows that neither Duncan nor Sloan had an option to purchase the land involved, but that they merely knew a man—one McMillan—who did have such an option, and that through their efforts Haley secured this option from McMillan. In my judgment the plaintiffs' evidence showed that Duncan and Sloan were merely the agents of Haley, and that their agency was revoked by Haley, and by the death of Duncan.

I do not think that the decision of the Supreme Court in *Hines* v. *Johnston*, 95 *Ga.* 629, is controlling in this case, for there it was distinctly agreed that, after enough of the land was sold to repay

the purchase-money with interest, Hines was to have a third interest in the *remaining land,* or in the *proceeds* of all subsequent sales. There was no such contract in the instant case. I think the action was properly nonsuited.